IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FACUNDO LOPEZ-PEREZ, AKA Jose Huerta Maldonado, AKA Israel Lopez Zasueta,<br><br>　　　　　　　　　Defendant. | CASE NO.  1:14-CR-0045-AWI<br>CTA NO. 16-10072<br><br>ORDER GRANTING NUNC PRO TUNC EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>ORDER DENYING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(Docs. 73 and 74.) |

**I. Extension of Time to File Notice of Appeal**

On February 25, 2016, this Court ordered counsel to file a motion for extension of time within 21 days, explaining why he did not file a notice of appeal on Defendant's behalf. Doc. 71. Counsel did so. Doc. 73. Counsel explained that Defendant Facundo Lopez-Perez pled guilty and waived his right to appeal. *Id*. at 3. Before the plea, counsel explained to Defendant the impact of waiver of the right to appeal. Declaration of B. Andrich, Esq., Doc. 73 at 8-9 ("Andrich Decl.") at ¶5. Defendant indicated that he understood the waiver of his right to appeal and voiced no objection thereto. *Id*. Counsel declares that—despite Defendant's attestations to the contrary—Defendant never asked counsel to file a notice of appeal. *Id*. at ¶¶ 7-9; Doc. 73 at 4. However, counsel indicates that he never specifically inquired of Defendant whether or not Defendant wanted counsel to file a notice of appeal on Defendant's behalf. Andrich Decl. at ¶ 10. Counsel contends that his failure to file a notice of appeal was appropriate.

1

The Court agrees. Assuming that Defendant did not explicitly instruct counsel to file a notice of appeal, counsel was justified in not filing a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Puguero v. United States*, 526 U.S. 23 (1999); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (9th Cir. 2005). Where the right to appeal is explicitly waived by the plea agreement, counsel is only required to file a notice of appeal when his or her client explicitly requests that a notice of appeal be filed. *Id.*; *see also Sandoval-Lopez*, 409 F.3d at 1198 (noting that "mere[] expression of interest in appealing" without affirmatively directing counsel to file a notice of appeal is not enough to require counsel to file a notice of appeal). However, the purpose of requiring counsel to explain the failure to file a notice of appeal was not to place blame with counsel. In fact, the Court need not determine whether Defendant actually directed counsel to file a notice of appeal on his behalf. The Court is interested only in determining whether it should grant an extension of time for Defendant to file a notice of appeal.

Despite counsel's assertion that Defendant never directed counsel to file a notice of appeal, counsel now moves for an order extending time to file a notice of appeal, thereby permitting Defendant's submission of the pro se Notice of appeal, filed on February 16, 2016, to be considered timely. Doc. 73 at 6. For the reasons explained below, the motion for extension of time to file a notice of appeal will be granted.

In a criminal case, a notice of appeal must typically be filed within fourteen days of entry of judgment. Fed. R. App. P. 4(b)(1). However, that time can be extended by an additional 30 days. Fed. R. App. P. 4(b)(4). "[W]hen a notice of appeal is filed within the 30-day extension period during which a motion to extend time may be filed, the district may grant a subsequently filed motion to extend time, thereby validating the notice of appeal nunc pro tunc," *United States v. Layton*, 855 F.3d 1388, 1415 (9th Cir. 1988), upon a showing of excusable neglect or good cause, Fed. R. App. P. 4(b)(4). In order to determine whether neglect is excusable the Court looks to the four factors articulated by the Supreme Court in *Pioneer*: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993); *see Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). "Excusable neglect" can be found in circumstances

when the delay was caused by circumstances within the movant's control. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). Good cause is more loosely defined and addresses the situation where a defendant is aware of his obligation but cannot fulfill it due to events outside of his control. *See United States v. Navarro*, 800 F.3d 1104, 1109. (9th Cir. 2015). Both good faith and excusable neglect are "relatively malleable concepts" and both are susceptible to analysis under the four *Pioneer* factors. *Id*.

Defendant filed his notice of appeal only twenty-two days after the time to file a notice of appeal expired. There is little risk of prejudice to the Government from such a brief delay. Defendant appears to have believed that counsel would file a notice of appeal on his behalf. Doc. 66 at 2. Filing his own notice of appeal approximately three weeks after the date when he believed that counsel would file the notice on his behalf is not entirely unreasonable. In the same vein, because Defendant appears to have believed that counsel would file the notice of appeal on his behalf, Defendant did not file his own notice of appeal within the time provided by the Federal Rules of Appellate Procedure. When he learned that no notice of appeal was filed on his behalf, Defendant filed his own notice, pro se. *See* Doc. 66 at 2. As to good faith, counsel believed that he was not required to file a notice of appeal on Defendants behalf; Defendant appears to have believed that counsel would file a notice of appeal on his behalf. Based on the record before the Court, there is no indication that either Defendant or counsel failed to act in good faith when failing to file a notice of appeal. The failure to file a notice of appeal appears to have been a result of Defendant's misunderstanding that his counsel intended to file that notice on his behalf. The delay was a result of excusable neglect. Defendant's motion for extension of time to file a notice of appeal will be granted.

## II. Withdrawal of Attorney of Record

Counsel was retained to represent Defendant for preliminary proceedings before this Court including entry of a plea agreement. The representation agreement did not include trial or appellate proceedings. Having satisfied the terms of the representation agreement, counsel seeks to be relieved as attorney of record. Because Defendant filed a notice of appeal, this Court is divested of jurisdiction. *See Rains v. Flinn*, 428 F.3d 893, 903 (9th Cir. 2005). The limited order of remand allows this Court only to determine whether excusable neglect or good cause existed to extend time. *See* Doc. 70 at 1 ("Counsel

has the duty to continue to represent defendant on appeal until counsel is granted leave to withdraw by [the Appellate Court].") Any request to withdraw as counsel should be addressed to the United States Court of Appeals for the Ninth Circuit.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to extend time for filing a notice of appeal to thirty days is GRANTED nunc pro tunc;
2. Counsel's motion to withdraw as attorney of record is DENIED.

The Clerk of the Court is respectfully directed to provide a copy of this order to each of the following: Brian Andrich, Esq., Andritch & Aed, A Professional Corporation, 2140 Merced Street, Suite 102, Fresno, CA 93721; Facundo Lopez-Perez, Reg. No. 54668-097, MDC Los Angeles, P.O. Box 1500, Los Angeles, CA 90053; and the Ninth Circuit Court of Appeal in reference to CTA No. 16-10072.

IT IS SO ORDERED.

Dated:   March 23, 2016                          _____
                                                 SENIOR  DISTRICT  JUDGE