IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>FACUNDO LOPEZ-PEREZ,<br><br>                Defendant. | CASE NO. 1:14-CR-0045-1-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because Amendment 782 does not operate to lower the guideline range for the quantity of methamphetamine attributed to the defendant. The Government is correct. For that reason, the Court will deny the defendant's motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

1

types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825-826 (2010).

In this case, the sentencing court applied the 2015 Sentencing Guidelines Manual to find a base offense level of 38 pursuant to USSG § 2D1.1, as the quantity of the multiple controlled substances, converted to their marijuana equivalency, exceeded 90,000 kilograms. U.S.S.G. § 2D1.1(c)(1) (2015). The actual methamphetamine involved in the offense exceeded 6.2 kilograms. *See* U.S.S.G. § 2D1.1(c)(1) (2015); Doc. 59 at 6. That amount alone exceeds the threshold for an offense level of 38. U.S.S.G. § 2D1.1(c)(1) (2015). The offense also involved smaller quantities of heroin, cocaine, and marijuana. Doc. 59 at 6. Since the Court used a version of the Guidelines Manual that had already been modified by Amendment 782, no change is required or authorized. U.S.S.G. § 2D1.1(c)(1) (2015). The defendant's offense level remains exactly what it was at the time of sentencing. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009). Accordingly, the defendant may not receive any relief under Section 1B1.10.

Based on the foregoing, IT IS HEREBY ORDERED that the defendant's motion is denied.

IT IS SO ORDERED.

Dated: \_\_January 18, 2018\_\_  _____
SENIOR DISTRICT JUDGE