# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACUNDO LOPEZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:14-CR-0045 AWI -1<br>(1:18-CV- 0985 AWI)<br><br>**ORDER ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>(Crim. Doc. No. 107) |

Petitioner Facundo Lopez-Perez challenges his sentence through this petition to set aside, vacate, or correct under 28 U.S.C. § 2255.

*Background*

In September 2015, Petitioner entered into a plea agreement in which he agreed to plead guilty to violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, conspiracy to distribute methamphetamine and heroin. See Doc. Nos. 56. As part of the plea agreement, Petitioner agreed not to challenge his conviction, sentence, or manner in which his sentence was determined, through a direct appeal or through post-conviction proceedings such as a 28 U.S.C. § 2255 petition. See Doc. No. 56 at ¶ 2(g). Petitioner pled guilty and the Court accepted the plea on October 5, 2015. See Doc. No. 57.

On January 4, 2016, the Court sentenced Petitioner to a term of 210 months in custody. See Doc. No. 62. Judgment and commitment were entered on January 6, 2016. See Doc. No. 63.

In February 2016, Petitioner filed an appeal to the Ninth Circuit, challenging the 210-month sentence. See Doc. Nos. 65, 102.

On July 17, 2017, the Ninth Circuit dismissed Petitioner's appeal. See Doc. No. 102. The Ninth Circuit dismissed the appeal because Petitioner had waived his right to appeal in the plea bargain, and the record disclosed no arguable issue as to the validity of the waiver. Id.

On July 17, 2018, Petitioner filed this § 2255 petition.[1] See Doc. No. 107. Petitioner raises two grounds for relief. Petitioner's first ground for relief asks: "Whether the district [court] determination of drugs attributable to petitioner was reasonable based on the fact petition pled guilty to count one with no specific drug quantities?" Id. at ECF p.4. Petitioner's second ground for relief reads: "The district court criminal history category III determination was for priors not considered crimes of violence after recent Supreme Court case and decisions." Id. at ECF p.5.

*§ 2255 Framework*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle

---

[1] For purposes of this order, the Court will view the petition as having been filed on July 17, 2018, through operation of the prison mailbox rule. See United States v. Winkles, 795 F.3d 1134, 1146 (9th Cir. 2015).

2

him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

*Discussion*

After considering Petitioner's petition, the Court concludes that relief is not warranted. Petitioner signed a plea agreement in which he expressly agreed that he would not challenge his sentence through a § 2255 petition.  See Doc. No. 56 at ¶¶ 2(g).  Plea agreements will be enforced as long as they are unambiguous and voluntarily made.  See United States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Indeed, the Ninth Circuit dismissed Petitioner's direct appeal on the basis of the plea bargain waiver.  See Doc. No. 102.  Petitioner does not address the plea agreement or argue that the agreement was involuntary.  See Doc. No. 107.  The language of the plea agreement is clear.  See Doc. No. 56.  As recognized by the Ninth Circuit, there is nothing that suggests that the plea agreement is unenforceable.  See Doc. No. 102.  Therefore, the Court will decline to hold an evidentiary hearing and will deny Petitioner's petition because he has waived his right to challenge his conviction through § 2255.  See Jeronimo, 398 F.3d at 1153-54; Abarca, 985 F.2d at 1014.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when

the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In the present case, reasonable jurists would not debate that Petitioner waived his ability to challenge his sentence through a § 2255 petition. Therefore, the Court will decline to issue a certificate of appealability. Slack, 529 U.S. at 483-84.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 107) is DENIED;

2. The Court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253; and

3. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   November 6, 2018                    _____
                                                                              SENIOR DISTRICT JUDGE