# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff<br><br>v.<br><br>**FACUNDO LOPEZ-PEREZ,**<br><br>Defendant | **CASE NO. 1:14-CR-00045 AWI BAM**<br><br>**ORDER ON DEFENDANT'S REQUEST TO SEAL/REDACT DOCUMENTS** |

On September 21, 2020, Defendant filed a motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. Defendant also lodged a request to seal exhibits but did not file the request on the docket. The three exhibits are a report a medical expert (Ex. 2), medical records (Ex. 2b), and a body mass index calculation.

*Legal Standard*

All documents filed with the court are presumptively public. San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. Id. Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as some discovery documents. Id. at 1096-98; Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The good cause standard "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process."

1 Center for Auto Safety, 809 F.3d at 1097.  Rule 26(c) states that the court "may, for good cause,
2 issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue
3 burden or expense." Fed. R. Civ. P. 26(c); Pintos, 605 F.3d at 678.  To meet the "compelling
4 reasons" standard, a party must present articulable facts that identity the interests favoring
5 continued secrecy and show how eh specific facts overcome the presumption of access by
6 outweighing the public interest in understanding the judicial process.  Kamakana v. City & Cnty
7 of Honolulu, 447 F/3d 1172, 1181 (9th Cir. 2006).

*Discussion*

9     Medical records contain private, confidential, and often sensitive information, and courts
10 often order medical records to be filed under seal.  E.g. United States v. Bradley, 2020 U.S. Dist.
11 LEXIS 119962, *21 (E.D. Cal. July 6, 2020); Johnsen v. Tambe, 2019 U.S. Dist. LEXIS 144715,
12 *2-*5 (W.D. Wash. Aug. 26, 2019).  The Court detects no reason to reach a different conclusion in
13 this case.  Therefore, Defendant's medical records, Exhibit 2b, will be sealed.

14     With respect to the body mass index calculation, there are two problems.  First, Defendant
15 has not provided a copy of the exhibit for the Court to review.  Second, Defendant's height and
16 weight are exposed on a regular basis.  While the actual body mass index figure may not be
17 obvious or known, obesity easily observable whenever a person is seen by another.  Moreover,
18 Defendant is relying on his body mass index to show that he is at risk for developing severe illness
19 from Covid 19.  The public has a significant interest not only in the judicial system in general, but
20 also in the grounds that are used to justify the early release of convicted federal prisoners from
21 imprisonment.  Given the nature of a body mass index calculation, as well as the importance of the
22 calculation to the motion for compassionate release, Defendant has not overcome the presumption
23 of public access.  Any body mass index calculations will not be sealed.

24     With respect to the expert report, the report identifies various medical conditions and
25 addresses how Defendant's medical conditions put him at risk.  The report does not go into great
26 detail with respect to conditions or treatments.  While there are sufficient and compelling reasons
27 to shield the underlying records that support a diagnosis or treatment of a medical condition from
28 public inspection, the Court cannot reach the same conclusion with respect to the expert report.

Medical conditions are routinely publicly identified, disclosed, and discussed in the course of resolving compassionate release motions, particularly cases in which the basis of the compassionate release motion involves Covid 19.  The public has a significant interest not only in the judicial system in general, but also in the grounds that are used to justify the early release of convicted federal prisoners from imprisonment. This includes expert reports.  However, to the extent that the expert report discloses medical information that Defendant will not rely upon in seeking compassionate release, or which does not support an expert opinion that Defendant will rely upon in seeking compassionate release, then that information may be redacted from the report. Otherwise, the expert report (Ex. 2) will not be redacted and will not be filed under seal.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall file Defendant's request to seal documents;
2. Defendant's request to seal is GRANTED IN PART and DENIED in part;
3. Defendant's medical records (Exhibit 2b) shall be filed UNDER SEAL;
4. Defense counsel shall immediately e-mail a separate copy of Exhibit 2b to the Courtroom Deputy, Victoria Gonzalez, who will then ensure that the exhibit is filed under seal on the docket;
5. Defense counsel shall also immediately provide the United States with a copy of Exhibit 2b;
6. Defendant's Exhibit 2 (an expert report) may be filed by Defendant in a redacted form, as discussed above, but otherwise shall not be filed under seal; and
7. Defendant's request to seal a body mass index calculation under seal is DENIED.

IT IS SO ORDERED.

Dated:   September 22, 2020                  _____
                                             SENIOR DISTRICT JUDGE