|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FACUNDO LOPEZ-PEREZ,<br><br>Defendant | CASE NO. 1:14-CR-0045 AWI-1<br><br>**ORDER FOR THE CLERK TO FILE REQUEST TO SEAL DOCUMENTS and ORDER ON DEFENDANT'S REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. No. 127) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On March 2, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant also submitted to the Court, but did not file on the docket, a request to seal documents and a related motion to seal documents. As part of the request to seal documents, Defendant asks the Court to seal an expert report from a forensic nurse, Defendant's BOP medical records, a body mass calculation, "Defendant's motion." The basis for the request is that these documents contain sensitive medical information and confidential information.

*Legal Standard*

All documents filed with the court are presumptively public. San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. Id. Two standards

generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as some discovery documents. Id. at 1096-98; Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The good cause standard "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." Center for Auto Safety, 809 F.3d at 1097. Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); Pintos, 605 F.3d at 678. To meet the "compelling reasons" standard, a party must present articulable facts that identity the interests favoring continued secrecy and show how eh specific facts overcome the presumption of access by outweighing the public interest in understanding the judicial process. Kamakana v. City & Cnty of Honolulu, 447 F/3d 1172, 1181 (9th Cir. 2006).

*Discussion*

Medical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal. E.g. United States v. Bradley, 2020 U.S. Dist. LEXIS 119962, *21 (E.D. Cal. July 6, 2020); Johnsen v. Tambe, 2019 U.S. Dist. LEXIS 144715, *2-*5 (W.D. Wash. Aug. 26, 2019). The Court detects no reason to reach a different conclusion in this case. Therefore, Defendant's medical records, which is Exhibit 2A, will be sealed.

With respect to what is identified as "Defendant's motion," the Court takes Defendant to be asking that his entire motion for compassionate release be sealed because sensitive medical information is contained therein. However, there are legions of Covid 19 cases in which prisoners seek some form of release from prison because they have a particular medical condition or conditions. In each of these cases, those conditions are identified by the district court in public orders. The Court is unaware of a case in which a court has permitted a defendant to shield from public view the identification of a medical condition that is used to justify a § 3852(c)(1) motion. While there are sufficient and compelling reasons to shield the underlying records that support a diagnosis or treatment of a medical condition from public inspection, the Court cannot reach the

same conclusion with respect to the mere identification of the medical conditions that form the basis of a § 3852(c)(1) motion.  The public has a significant interest not only in the judicial system in general, but also in the grounds that are being used to justify the early release of convicted federal prisoners from imprisonment.  Defendant has not overcome the presumption of public access with respect to his motion.

With respect to the expert report, the above analysis for Defendant's motion applies to the expert report.  The expert report is discussing medical conditions that allegedly demonstrate that Defendant faces an abnormal and substantial risk if he continues to be incarcerated.  Again, the public has a significant interest in the grounds that are being used to justify the early release of convicted federal prisoners from imprisonment.  In short, if a Defendant relies on a medical condition or if an expert relies on a defendant's medical condition to justify some form of early release, that condition is now at issue and will not be sealed or redacted.  The public's interest in understanding the grounds that may ultimately justify early release are too great.  Therefore, the report of Defendant's expert will not be redacted.

Finally, with respect to the body mass calculation, the same analysis that applies to the expert report and Defendant's motion for compassionate release applies.  Because Defendant is relying on a body mass calculation to justify release, that calculation is at issue and will not be sealed.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall file Defendant's request to seal documents on the docket;
2. Defendant's request to file his motion for compassionate release under seal is DENIED;
3. Defendant's request to file Exhibits 2A, which are Defendant's BOP medical records, is GRANTED and that exhibit shall be filed under seal;
4. Defendant's request to file Exhibits 2 and 11 under seal is DENIED;
5. If Defendant intends to rely on Exhibits 2 and 11 to support his motion, then he shall file those documents within two (2) days of service of this order;

6.     Upon either the filing of Exhibits 2 and 11, or upon the expiration of the time to file Exhibits 2 and 11, the Court will issue additional orders to resolve or facilitate the resolution of Defendant's motion for compassionate release.

IT IS SO ORDERED.

Dated:   March 3, 2021                /s/ signature

                                    SENIOR DISTRICT JUDGE