# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FACUNDO LOPEZ PEREZ,<br><br>    Defendant. | CASE: 1:14-CR-00045-AWI-BAM<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE / SENTENCE REDUCTION**<br><br>(Doc. No. 127) |

Defendant Facundo Lopez Perez pled guilty on October 5, 2015 to conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C §§ 841(a)(1) and 846, Doc. Nos. 56-57, and was sentenced to a 210-month sentence in the custody of the federal Bureau of Prisons ("BOP"). Doc. No. 62-63. He is currently incarcerated at Giles Dalby CI in Texas ("Giles Dalby"). Doc. No. 135 at 4:21-23.

On September 21, 2020, Defendant filed a motion for compassionate release in this Court on the grounds that he had elevated COVID-19 risk due to obesity and asthma. Doc. No. 115. The United States filed an opposition on October 29, 2020, Doc. No. 120, and on November 9, 2020, Defendant filed a notice withdrawing the motion to allow for additional investigation. Doc. No. 125. In light of that notice, Defendant's September 21, 2020 motion was denied as moot. Doc. No. 126.

Also on November 9, 2020, Lopez Perez submitted a request for compassionate release / sentence reduction to the Giles Dalby warden. Doc. No. 135 at 5:5-12. On November 17, 2020, the request was denied due to Defendant's immigration detainer. Doc. No. 135-1 at 15-21.

Defendant filed the instant motion for compassionate release / sentence reduction on March 2, 2021. Doc. No. 127. The United States filed an opposition on April 2, 2021. Doc. No. 135. For the reasons set forth below, the Court will deny the motion.

**DEFENDANT'S MOTION**

Defendant is 54 years of age. Doc. No. 127 at 12:2-3. He is also asthmatic and obese to some degree. Id. at 11:16-12:16. In addition, Defendant has had surgery while incarcerated for diverticulitis and hernia repair, and is receiving treatment for depression, an enlarged prostate and pterygium (a potential cause of blindness) in both eyes. Id. at 12:17-14:3. Defendant argues that compassionate release or sentence reduction is warranted in his case because prison medical care is substandard; his age and medical conditions put him at elevated risk of serious harm from COVID-19; and prison conditions do not allow for self-help measures such as social distancing. Id., Part I.A.-E.

The United States argues that the BOP has undertaken effective COVID-19 risk-mitigation measures and that there is currently only one case of COVID-19 among inmates at Giles Dalby. Doc. No. 135 at 5:14-6:6. The United States further argues that BOP medical personnel have Defendant's asthma under control and that Defendant's BMI of 32.4, which is at "the low-end of the CDC's obesity definition," does not rise to a level warranting the relief sought in this motion. Doc. No. 135, Part V.A.

**LEGAL FRAMEWORK**

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 819 (2010). Criminal defendants may request compassionate release or sentence modifications, however, for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

The statutory basis for compassionate release is set forth in 18 U.S.C. § 3582(c), which states in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—
    (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction....

18 U.S.C. § 3582(c)(1)(A)(i).

Before a defendant seeks compassionate release in district court, the defendant must "ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also, United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment."). The failure to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); United States v. Miranda, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) (Ishii J.); United States v. Greenlove, 469 F. Supp. 3d 341, 349 (M.D. Pa. 2020); United States v. Smith, 460 F. Supp. 3d 783, 792 (E.D. Ark. 2020). "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)), and to show that the statutory exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); Miranda, 2021 WL 826259 at *3.

## **DISCUSSION**

Upon review, the Court will deny Defendant's motion for two reasons.

First, this Court has previously held that defendants are required to exhaust the administrative appeal process before seeking relief in district court where a warden denies a

compassionate release request within the 30-day period provided by 18 U.S.C. § 3582(c)(1)(A).[1] United States v. Sprenkle, 2020 WL 7490083, at *3 (E.D. Cal. Dec. 21, 2020) (Ishii, J.) (citing United States v. Greenlove, 469 F. Supp. 3d 341, 348 (M.D. Pa. 2020), United States v. Ng Lap Seng, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020) and United States v. Opoku, 2020 WL 3404735, at *2 (S.D. Miss. June 19, 2020)). Here, the record shows that that the Giles Dalby warden denied Defendant's request within 8 days of receipt,[2] and there is no indication on the record that Defendant pursued an administrative appeal in any fashion. Doc. No. 135-1 at 15. The Court is therefore without power to furnish the relief Defendant seeks. See Sprenkle, 2020 WL 7490083 at *2 (citing Gallo Cattle, 159 F.3d at 1197).

Second, Defendant states that a total of four inmates at Giles Dalby have tested positive for COVID-19 to date, see Doc. No. 127 at 16:19-24, and the United States indicates that only one inmate at Giles Dalby is currently infected with COVID-19. Doc. No. 135 at 6:4-5. This low infection rate precludes a showing of "extraordinary and compelling reasons" warranting compassionate release or sentence reduction based on COVID-19 risk, particularly given the borderline nature of Defendant's obesity and asthma. See United States v. Knepper, 2020 WL 6325697, at *3 (D. Haw. Oct. 28, 2020); see also, United States v. Torres, 2021 WL 1381161, at *2 (D. Mont. Apr. 12, 2021); United States v. Cardoza, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); United States v. Lee, 2020 WL 6343063, at *3 (E.D. Cal. Oct. 29, 2020) (Ishii, J.). Thus, Defendant has failed to carry his burden on the merits of this motion. See Greenhut, 2020 WL 509385 at *1.

//
//
//
//

---

[1] The Court does not share the United States' view that the mere lapse of 30 days from receipt of an administrative request for compassionate release / sentence reduction is sufficient to satisfy the exhaustion requirement 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 135 at 5:10-12.

[2] Defendant's statement that he did not receive a response to the request appears to be incorrect. See Doc. No. 127 at 11:11-13.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Facundo Lopez Perez's motion for compassionate release / sentence reduction (Doc. No. 127) is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2021

SENIOR DISTRICT JUDGE