# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FACUNDO LOPEZ-PEREZ,<br><br>Defendant. | CASE NO. 1:14-CR-00045-AWI-BAM<br><br>**ORDER ON DEFEDANT'S THIRD MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. Nos. 140, 146) |

### I. Background

On October 5, 2015, Defendant Facundo Lopez Perez pled guilty to conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C §§ 841(a)(1) and 846. Doc. Nos. 56-57. He was sentenced to 210 months in the custody of the federal Bureau of Prisons ("BOP"), and he is currently incarcerated at Fort Dix FCI in New Jersey. Doc. No 146 at 12; Doc. No. 151 at 2. Defendant is 55 years old. Doc. No. 140 at 2.

On September 21, 2020, Defendant filed his first motion for compassionate release, Doc. No. 115, which was subsequently withdrawn on November 9, 2020. Doc. No. 125. On March 2, 2021, Defendant filed his second motion for compassionate release, Doc. No. 127, which the Court denied on April 28, 2021. Doc. No. 138. On October 3, 2022, Defendant filed his third motion for compassionate release, claiming that his health conditions amid the COVID-19 pandemic and the conditions at Fort Dix FCI make compassionate release appropriate. Doc. No. 140. On January 9, 2023, Defendant filed a supplemental brief in support of his third motion, Doc. No. 146, and on February 8, 2023, the United States of America ("Government") filed an opposition. Doc. No. 151. On February 14, 2023, Defendant filed a reply to the Government's opposition. Doc. No. 154.

### II. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing Dillon v. United States, 560 U.S. 817, 819 (2010) and 18 U.S.C. § 3582(c)).  However, Congress provided an exception under 18 U.S.C. § 3582(c)(1)(A) to reduce a sentence for "extraordinary and compelling reasons." Id.  Under 18 U.S.C. § 3582(c)(1), an inmate may file a motion for compassionate release after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  When a defendant "moves for compassionate release under § 3582(c)(1)(A), district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094-95 (9th Cir. 2022); see also United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022).  "While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, they cannot be treated as binding constraints on the court's analysis." Wright, 46 F.4th at 946 (internal quotations omitted) (citing Aruda, 993 F.3d at 802).  "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." Chen, 48 F.4th at 1095 (citing Aruda, 993 F.3d at 801-802).  The inmate bears the "burden to establish his eligibility for compassionate release." Wright, 46 F.4th at 951; see also United States v. Mathews, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021) ("[T]he burden remains with the defendant.").

### III. Discussion

*Defendant's Arguments*

Defendant argues that "extraordinary circumstances" support a grant of compassionate release.  Specifically, Defendant asserts that his medical ailments (asthma, obesity, age vulnerability, diverticulitis, hernia, vision loss, enlarged prostate, and depression) and the failure

of the BOP to treat them amid the COVID-19 pandemic constitute "extraordinary circumstances" warranting compassionate release.  Furthermore, Defendant argues that the factors set forth in 18 U.S.C. § 3553(a) weigh in his favor because his past offense was non-violent, further incarceration would be greater than necessary to serve the purposes of his punishment, his age makes him a low risk for recidivism, and he has demonstrated rehabilitative efforts during this confinement.

*Government's Arguments*

The Government argues that Defendant's motion should be denied on the ground that he failed to exhaust his available administrative remedies before filing his motion.  Specifically, the Government asserts that the BOP is unable to locate any evidence that Defendant submitted a request for compassionate release to the warden as a precursor to filing his instant motion.  Furthermore, the Government contends that Defendant's medical conditions provide no extraordinary and compelling basis for sentence reduction because his prison medical records indicate that his medical conditions are being adequately treated and managed at Fort Dix FCI.  The Government further argues that the 18 U.S.C. § 3553(a) factors do not support a shorter sentence.

*Discussion*

Upon review, the Court finds that relief under 18 U.S.C. § 3582(c)(1) is unwarranted for two reasons.  First, Defendant did not provide any supporting documentation for his assertion that he submitted a request for compassionate release to the warden in July 2022.  It was Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A), but aside from a short statement that Defendant submitted the request, there is no evidence before the Court, such as a copy of the request attached as an exhibit, showing that Defendant satisfied his evidentiary burden.  See United States v. Moreno-Castaneda, 2022 U.S. Dist. LEXIS 4034, *4-5 (E.D. Cal. Jan. 6, 2022) ("The defendant bears the initial burden . . . to show that the exhaustion requirement in § 3582(c)(1)(A) has been satisfied."); United States v. Williams, 2021 U.S. Dist. LEXIS 16677, *7 (E.D. Cal. Jan. 28, 2021).  The BOP also searched for the request but was unable to locate any evidence that it was submitted or received.  Doc. No. 151 at 5.  Defendant nevertheless asserts that he submitted the request in July 2022, that over 30 days elapsed without a response from the

1  warden, and that the absence of the request in the BOP's search "does not prove that it was not
2  submitted to the warden." Doc. No. 154 at 3.  Although the Court recognizes that liberal
3  construction standards apply to pro se filings, courts in similar circumstances have not relieved
4  defendants of their burden to demonstrate exhaustion under § 3582(c)(1)(A).  See United States v.
5  Bowen, 2020 U.S. Dist. LEXIS 144071, *5-7 (E.D. Cal. Aug. 10, 2020) (finding that defendant
6  failed to satisfy exhaustion requirement because defendant did not provide any documentation
7  evidencing exhaustion and the BOP could not locate defendant's request for sentence reduction to
8  the warden); see also Taylor v. United States, 2023 U.S. Dist. LEXIS 18053, *6-7 (E.D. Va. Feb.
9  1, 2023) (same); United States v. Hernandez, 2021 U.S. Dist. LEXIS 116804, *4-5 (E.D. Tex.
10 May 26, 2021) (same); United States v. Davis, 2021 U.S. Dist. LEXIS 193746, *2-3 (E.D. La.
11 Oct. 7, 2021) (same); United States v. Thompson, 2020 U.S. Dist. LEXIS 193126, *3-4 (M.D.
12 Tenn. Sep. 23, 2020) (same).  Without supporting documentation concerning Defendant's request,
13 the Court cannot determine whether Defendant satisfied the requirements under § 3582(c)(1)(A).
14 For example, the Court cannot determine whether Defendant's request raised the same issues to
15 the warden that Defendant now raises to the Court in his third motion for compassionate release.
16 See United States v. Narez, 2021 U.S. Dist. LEXIS 229116, *7-*8 (E.D. Cal. Nov. 28, 2021)
17 (finding that each successive motion for compassionate release requires independent satisfaction
18 of the exhaustion requirement when there are material changes in circumstances from the time a
19 prior request for compassionate release was filed) (citing United States v. Bolanos, 2021 U.S. Dist.
20 LEXIS 46089, *7 (E.D. Cal. Mar. 11, 2021)); see also United States v. Bakhtiari, 2022 U.S. Dist.
21 LEXIS 78680, *3 (N.D. Cal. Apr. 30, 2022).

22         Second, even if Defendant satisfied the exhaustion requirement, Defendant has not shown
23 that there are "extraordinary circumstances" warranting compassionate release.  Defendant
24 specifically states that COVID-19 poses a high risk to his health because he suffers from asthma,
25 obesity, age vulnerability, diverticulitis, hernia, vision loss, enlarged prostate, and depression.
26 While the Court acknowledges that these conditions may place Defendant's health at higher risk,
27 the Court has previously denied motions for compassionate release where the defendant similarly
28 suffered from both obesity and asthma.  See United States v. Figueroa, 2021 U.S. Dist. LEXIS

56143, *15 (E.D. Cal. Mar. 23, 2021); United States v. Becerra, 2021 U.S. Dist. LEXIS 27200, *20 (E.D. Cal. Feb. 11, 2021).  Additionally, Defendant "is well below the crucial age threshold of 65 identified by the [CDC], and on the lower end of the obesity spectrum" with a last recorded BMI of 32.6.  United States v. Rodriguez-Mata, 2021 U.S. Dist. LEXIS 89922, *9 (E.D. Cal. May 11, 2021) (denying motion for compassionate release in part because defendant's BMI of 33.4 was on the lower end of the obesity spectrum in light of the CDC's statement that "overweight" classification starts at BMI of 25, "obesity" starts at BMI of 30, and "severe obesity" starts at BMI of 40).  Furthermore, the record indicates that Defendant is being treated and receiving medication for his diverticulitis, hernia, prostate, and depression, and has been using an inhaler for his asthma.  See Doc. No. 151-1, Ex. 2.  The record also indicates that Defendant is fully vaccinated against COVID-19.  See United States v. Amezcua, 2022 U.S. Dist. LEXIS 187669, *27-28 (E.D. Cal. Oct. 12, 2022) ("At this point, medical evidence strongly suggests that fully vaccinated individuals are very well protected against becoming severely ill from COVID-19, and courts have routinely considered an individual's vaccination status when ruling on compassionate release motions.") (collecting cases).  In light of the above, the Court is not persuaded that Defendant's health conditions and the BOP's management of those conditions warrant compassionate release.  See United States v. Ayon-Nunez, 2020 U.S. Dist. LEXIS 24722, *7 (E.D. Cal. Feb. 11, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citing United States v. Weidenhamer, 2019 U.S. Dist. LEXIS 195620, *14 (D. Ariz. Nov. 8, 2019)).  Therefore, Defendant's third motion for compassionate release will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's third motion for compassionate release (Doc. Nos. 140, 146) is DENIED.

IT IS SO ORDERED.

Dated:   February 22, 2023                           _____
                                                     SENIOR DISTRICT JUDGE